# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> MARQUEZ BROTHERS INTERNATIONAL INC., MARQUEZ BROTHERS ENTERPRISES, INC., MARQUEZ BROTHERS SOUTHERN CALIFORNIA, INC., MARQUEZ BROTHERS NEVADA, INC., MARQUEZ BROTHERS TEXAS, INC., and DOES 1-10, INCLUSIVE, <br><br> Defendants. | **CASE NO. 1:17-cv-0044-AWI-EPG** <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

**I. Introduction**

The United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") has filed this Title VII discrimination action against Marquez Brothers International, Marquez Brothers Enterprises, Marquez Brothers Southern California, Marquez Bothers Nevada, and Marquez Brothers Texas (collectively "Defendants" or "Marquez"). Plaintiff alleges that Defendants all maintain a policy of giving hiring preference to Hispanic applicants and Spanish speakers. *See* First Amended Complaint, Doc. 5 ("FAC") at ¶¶ 9, 12.

1

Defendants move to dismiss for lack of subject matter jurisdiction based on a failure to comply with conditions precedent to filing suit; for failure to state a claim based on Plaintiff's failure to adequately allege a discriminatory practice or pattern; and for failure to state a claim because Plaintiff's claim is barred by laches. For the following reasons, Defendants' motion will be denied.

**II. Background**

The EEOC "is an agency of the United States of America charged with administration, interpretation, and enforcement of Title VII and is expressly authorized" to bring actions pursuant to Title VII. FAC at ¶ 3; *see* 42 U.S.C. § 2000e-5(f)(1), (3).

"Marquez Brothers International, Inc., Marquez Brothers Enterprises, Inc., Marquez Brothers Foods, Inc., and Marquez Brothers Southern California, Inc. are California corporations." FAC at ¶ 4. "Marquez Brothers Nevada, Inc. is a Nevada corporation." *Id*. "Marquez Brothers Texas I, Inc. is a Texas corporation." *Id*. The Hanford, California facility processes cheese and whey. FAC at ¶ 14.

The EEOC alleges that "[s]ince 2010, Defendants engaged … in a pattern or practice of …employment practices" including (1) "favoring less qualified Hispanic job applicants over all other races in the unskilled laborer positions," (2) "discouraging non-Hispanic applicants from applying for open positions," (3) "asking applicants if they spoke Spanish and deterring attempts to apply if they did not speak Spanish, even though the ability to speak Spanish was not a job requirement," and (4) "refusing to accept [employment] applications from non-Hispanic applicants," all "at Defendants' Hanford, California facility and throughout the other affiliated locations in Aurora, Colorado; Las Vegas, Nevada; Dallas, Texas; Fresno, California; Houston, Texas;… Los Angeles, California; Sacramento, California; and San Diego, California." FAC at ¶ 12.

The EEOC details the experience of Alfred Davis ("Mr. Davis"), a black man, who first brought the charge of discrimination against Marquez Brothers International's Hanford, California plant to the EEOC. FAC at ¶¶ 14-18, 27. From January 1, 2010 to June 30, 2010, Mr. Davis sought a job application from the Marquez factory in Hanford, California. *See* FAC at ¶

2

27(a). Defendant refused to provide him with an application form, while providing applications to Hispanic persons during the same time period at the same plant. *Id*.

On August 17, 2010, Mr. Davis applied for a position at the Marquez facility in Hanford. FAC at ¶ 14. At the time of his application, Mr. Davis had "four years of experience working in the production of powdered milk, butter, and cream cheese" and had other relevant work experience in "other production positions." *Id.* "Compared to the five workers who applied around the same time as Mr. Davis, he was more qualified [] for general production work at the plant." *Id.* Mr. Davis was not hired despite having been better qualified than those ultimately hired. *Id*. Those ultimately hired were Hispanic. *Id*.

Marvis Moon, also a black man, had a similar experience in applying for employment with Marquez Brothers International. Compl. at ¶ 19. Mr. Moon "attempted to apply for work with Defendant Marquez Brothers International Several times." He was repeatedly discouraged from applying and told that Marquez Brothers International was not hiring. *See Id*. at ¶ 19. He was not hired for a position.

In addition to reviewing the allegations in Mr. Davis's and Mr. Moon's charges, EEOC conducted a broader investigation. That investigation included reviewing EEO-1 forms, detailing the racial composition of all Defendants between 2010 and 2013; and interviewing other non-Hispanic, biracial, or non-Spanish speaking applicants. *See Id.* at ¶¶ 20-24.

### III. Discussion

Defendants move to dismiss based on the EEOC's alleged failure to satisfy conditions precedent to filing suit, which defendants characterize as a jurisdictional challenge, and move to dismiss based on merits based challenges. As it must, the Court addresses Defendants' purportedly jurisdictional challenge first.

**A. Motion to Dismiss for Failure to Satisfy Conditions Precedent to Filing Suit.**

It is undisputed between the parties that several conditions precedent exist to the EEOC filing a Title VII action. Doc. 17 at 12; Doc. 20 at 20; *see* 42 U.S.C. § 2000e-5(b), (f)(1); *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 608 (1982). Namely, the EEOC must (a) give notice to the employer of the charge filed, (b) conduct an investigation into the alleged unlawful conduct, (c)

1 determine whether reasonable cause exists to believe that an unlawful employment practice has
2 occurred or is occurring, and, if reasonable cause exists, (d) attempt to eliminate the unlawful
3 practice informally through the conciliation process. 42 U.S.C. §§ 2000e-5(b), (f)(1); *see* 29
4 C.F.R. §§ 1601.14, 1601.15, 1601.21; *E.E.O.C. v. Farmers Ins. Co.* ("*Farmers*"), 24 F.Supp.3d
5 956, 964-965 (E.D. Cal. 2014); *accord E.E.O.C. v. Bloomberg L.P.*, 967 F.Supp.2d 802, 810
6 (S.D. N.Y. 2013).

### 1. Are the requirements of Section 2000e-5(b) and (f)(1) jurisdictional prerequisites?

The parties disagree over whether the preconditions to suit are limits on the Court's subject matter jurisdiction. In support of the proposition that the preconditions for suit are non-jurisdictional, the EEOC relies upon *Farmers*, 24 F.Supp.3d at 964, where this Court expressly found that "the preconditions to suit imposed by Section 2000e-5(f)(1) are not jurisdictional in nature." *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 502 (2006) (referring to 42 U.S.C. § 2000e-5(f)(3) as "Title VII's jurisdictional provision."); *Sanchez v. Pacific Powder Co.*, 147 F.3d 1097, 1101 (9th Cir. 1998); *Stache v. Int'l Union of Bricklayers and Allied Craftsmen*, 852 F.2d 1231, 1233-1234 (9th Cir. 1988). However, there remains little uniformity in this Circuit as to whether the requirements of Section 2000e-5(b) and (f)(1) are jurisdictional. *Compare Harshaw v. Mnuchin*, 2017 WL 1354475, *4 (E.D. Cal. Apr. 13, 2017) (citing *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (characterizing the administrative exhaustion requirement as a jurisdictional prerequisite); *with Tekleabib v. Tillerson*, 2017 WL 2688083, *1 (N.D. Cal. June 22, 2017) (citing *Vinieratos v. United States*, 939 F.2d 762, 768 n.5 (9th Cir. 1991) (characterizing the Section 2000e-5 administrative exhaustion requirement as a waivable condition precedent and considering the motion to dismiss pursuant to Rule 12(b)(6)); *Kaanapu v. Potter*, 51 Fed.Appx. 244, 247 (9th Cir. 2002) (same). *See also E.E.O.C. v. Service Temps Inc.*, 679 F.3d 323, 333 (5th Cir. 2012) (holding that the conciliation requirement of Title VII is a non-jurisdictional condition precedent); *Whitsitt v. Amazon.com*, 2017 WL 3009201, *5 (E.D. Cal. July 14, 2017) (recognizing that the administrative exhaustion requirement of Title VII is either a jurisdictional prerequisite or a statutory prerequisite to suit). Additionally, Defendants correctly note that *Farmers* was issued before the Supreme Court's most recent guidance in

*Mach Mining, LLC v. E.E.O.C.*, 135 S.Ct. 1645, 1652 (2015), regarding enforcement of the conciliation precondition to suit. Defendants argue that *Mach Mining* is clear—when preconditions to suit are not met, the action must be dismissed. Doc. 23 at 11 (citing *Mach Mining*, 135 S.Ct. at 1651-1652). However, Defendants direct the Court to no portion of *Mach Mining* that would tend to indicate that any of the Section 2000e-5 preconditions to suit is a jurisdictional requirement. In fact, the EEOC directs the Court to a portion of *Mach Mining* that tends to support the non-jurisdictional character of at least the conciliation requirement. For the sake of completeness, the Court outlines the salient portions of *Mach Mining* below:

"[A] woman filed a charge with the EEOC claiming that … Mach Mining … had refused to hire her as a coal miner because of her sex. The Commission investigated the allegation and found reasonable cause to believe" that discrimination had taken place against the charging party and a class of similarly situated women. *Mach Mining*, 135 S.Ct. at 1650. The EEOC sent a letter to Mach Mining announcing its determination and indicating that it "would soon 'contact them to begin the conciliation process.'" *Id*. Approximately one year later, the EEOC sent a second letter indicating that "'conciliation efforts … ha[d] been unsuccessful' and that any further efforts would be futile." *Id*. The record before the Supreme Court was empty regarding what took place between the EEOC's issuance of the first letter and the second letter. *Id*.

The EEOC then sued Mach Mining in federal court for violation of Title VII, representing that "all conditions precedent" to filing of suit "had been fulfilled." *Mach Mining*, 135 S.Ct. 1645. Mach Mining filed an answer, "asserting that the EEOC had failed to 'conciliate in good faith' prior to filing of suit." *Id*.

The EEOC moved for summary judgment regarding satisfaction of the condition precedent, asserting that the conciliation requirement is "not subject to judicial review," or in the alternative, that the Court could review the face of the two letters sent "to confirm that the EEOC has met its duty to attempt conciliation." *Mach Mining*, 135 S.Ct. at 1650. The Supreme Court concluded that Congress intended courts to review the EEOC's compliance with the conciliation requirement. *Id*. at 1651-1652. That requirement, the High Court explained, is the kind of compulsory prerequisite that that courts routinely enforce—"see a prerequisite to suit, enforce a

5

prerequisite to suit." *Id*. Specifically, the conciliation requirement requires the EEOC to "tell the employer about the claim" and "provide the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance." *Id*. at 1652.[1]

Most significant for purposes of this action, the High Court outlined the "appropriate remedy" for a court that finds that the EEOC failed to satisfy the conciliation requirement—a stay of the action. *Mach Mining*, 135 S.Ct. at 1656 (citing 42 U.S.C. § 2000e-5(f)(1) ("Upon request, the court may, in its discretion, stay further proceedings … pending the termination of … further efforts of the Commission to obtain voluntary compliance.") If the conciliation requirement operated as a jurisdictional prerequisite, a Court would be forced to dismiss the action—it could not stay the action—if that requirement was unmet. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

The Court is not persuaded *Mach Mining* compels a departure from this Court's decision in *Farmers*, 24 F.Supp.3d at 962-965. To briefly summarize *Farmers*, the Court considered the "text, context, and relevant historical treatment" of the conciliation requirement of Section 2000e-5(f)(1). *Farmers*, 24 F.Supp.3d at 962 (quoting *Reed Elsevier Inc. v. Muchnick*, 559 U.S. 154, 166 (2010)). The Court explained that the text of Section 2000e-5(f)(1) does not speak in jurisdictional terms. Indeed, the Supreme Court in *Arbaugh* specifically referred to Section 2000e-5(f)(3) as "Title VII's jurisdictional provision." *Arbaugh*, 546 U.S. at 515 (citing 42 U.S.C. § 2000e-5(f)(3) ("Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter…")); *accord Porter v. Winter*, 603 F.3d 1113, 1118 (9th Cir.2010). The form of the requirements of Section 2000e-5(f)(1) do not mirror Section 2000e-5(f)(3) and do not use the same jurisdictional language. The Court further explained that "'there is no long line of Supreme Court precedent holding that conciliation is the type of requirement that has historically been treated as jurisdictional in nature.'" *Farmers*, 24 F.Supp.3d at 964 (quoting *E.E.O.C. v. Alia*

---

[1] The High Court later clarified that an attempt to conciliate "need not involve any specific steps or measures; rather, the Commission may use in each case whatever "informal" means of "conference, conciliation, and persuasion" it deems appropriate." *Id.* at 1654.

6

*Corp.*, 842 F.Supp.2d 1243, 1254 (E.D. Cal. 2012). Between the absence of jurisdictional language regarding the conciliation, the clear jurisdictional language in surrounding subsections, and the absence of any Supreme Court precedent identifying the conciliation requirement as a jurisdictional prerequisite, the Court concluded that the requirements of Section 2000e-5(f)(1) are non-jurisdictional conditions precedent to suit. That conclusion holds true here.

Defendants' motion to dismiss for lack of subject matter jurisdiction will be denied.

<u>2. Has the EEOC adequately alleged that conditions precedent to suit have been satisfied?</u>

Although the conditions precedent to suit created by Section 2000e-5(b) and (f)(1) are non-jurisdictional, EEOC's claims would be subject to dismissal pursuant to Rule 12(b)(6) if it failed to adequately allege that those conditions have been satisfied. *See* Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed….")

As the EEOC has correctly noted, in *Farmers* this Court found that the EEOC had adequately alleged completion of conditions precedent when it alleged that "[a]ll conditions precedent to the institution of this lawsuit has (sic) been satisfied." *Farmers*, 24 F.Supp.3d at 965; *accord E.E.O.C. v. Global Horizons, Inc.*, 860 F.Supp.2d 1172, 1180 (D. Haw. 2012); *see also In re ConAgra Foods, Inc.*, 908 F.Supp.3d 1090, 1109 (C.D. Cal. 2012) (addressing the requisites for pleading conditions precedent). The EEOC has alleged exactly that in this case: "[p]rior to the institution of this lawsuit, all conditions precedent were satisfied." Compl. at ¶ 12. Although unnecessary, the EEOC further alleged facts supporting its allegation that it had satisfied all conditions precedent. *See* Compl. at ¶¶ The EEOC has adequately pled that conditions precedent to filing suit have been met.

<u>3. Were the charging parties' failures to name each of the Defendant corporations in the EEOC charges fatal to claims against those corporations by the EEOC?</u>

Defendants contend that the EEOC, by giving notice of the charges relating only to the Hanford facility and only to Marquez Brothers International, Inc., failed to place the affiliate companies on adequate notice of the nationwide scope of the EEOC investigation. As a result, Defendants contend that the claims of discrimination regarding all but the Hanford facility

7

should be dismissed. Doc. 17 at 13. In its complaint, the EEOC alleges that Marquez Brothers International was and "is at all relevant times the parent corporation [of] the other Defendant[]" corporations. Compl. at ¶ 5. It alleges that Defendant Marquez Brothers International filed "consolidated EEO-1 reports"—reports indicating (among other things) the racial composition of the workforce—on behalf of all Defendants" between 2010 and 2013. Compl. at ¶ 24. Based on the EEOC's review of those reports and its own investigation, the EEOC found reasonable cause to believe that each of the named defendants engaged in discrimination against non-Hispanic employees, ratified in San Jose by parent company Marquez Brothers International. *See* Compl. at ¶ 25; Doc. 17-1 at 42-47.

Normally, in resolving a motion to dismiss for failure to state a claim, the district courts are restricted to considering the allegations of the complaint. However, district courts may also consider documents incorporated by reference, *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012), and proper subjects of judicial notice, *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 976 (9th Cir. 2012). Defendants ask the Court to take judicial notice of eleven documents, many of which are referenced in the complaint, and each of which Defendants contend shows that the EEOC failed to give notice of the broad scope—beyond merely investigating the Hanford facility—of its investigation. *See* Doc. 17-1. The documents at issue include (1) the charges of discrimination by Mr. Davis and Mr. Moon, (2) communications between counsel for the EEOC and counsel for Marquez regarding the EEOC investigation from the time period of October 4, 2010 to April 17, 2013, and (3) the determination of reasonable cause and amended determination of reasonable cause to believe that discrimination had taken place, issued on June 30, 2015 and August 19, 2016, respectively. *See* Doc. 17-1. The EEOC does not oppose the request for judicial notice. The Court considers those documents. Moreover, it appears from the face of the complaint that the charges of discrimination named only Marquez Brothers International. *See* Compl. at ¶ 27a.

Defendants contend Marquez Brothers International is not the parent corporation of any of the other defendant corporations. Doc. 23 at 14. At this stage, the Court is required to accept as true allegations in the complaint. No judicially noticeable document belays the EEOC's

assertion.[2] More importantly, the question of corporate parentage is not dispositive to this issue. Moreover, Defendants acknowledge that they are all affiliated corporations.

Defendants argue that the EEOC is limited to pursuing claims against the charged corporation only when the EEOC specifically identifies one location of alleged discrimination in the charge. In other words, Defendants argue that an EEOC investigation of Marquez Brothers International cannot expand to the other affiliate corporations not originally identified in the charge without giving separate notice of such an expansion.

As a threshold matter, it appears to the Court that the EEOC charges submitted by Defendants were directed to "Marquez Brothers International, Inc.," the Corporation that directly oversees the Hanford plant and that the EEOC alleges to control the other Marquez Brothers entities. Doc. 17-1 at 5, 15. That said, both of the charges submitted list a Hanford street address and allege discrimination only at the Hanford facility. Doc. 17-1 at 5, 15. The response to both of the charges was drafted by Marquez Brothers International, Inc. and relays policies apparently attributable to that corporation. See Doc. 17-1 at 8-13, 17-20.

As a general matter, Section 2000e-5(f)(1) only allows the EEOC to bring suit after it has attempted conciliation with an employer "named in the charge." 42 U.S.C. § 2000e-5(f)(1); *Sosa v. Hiraoka*, 920 F.2d 1451, 1459 (9th Cir. 1990). Multiple courts have recognized that "[a]ny violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable." *Gen Tel. Co. of the Northwest, Inc. v. E.E.O.C.*, 446 U.S. 318, 331 (1980); *see E.E.O.C. v. Federal Exp. Corp.*, 558 F.3d 842, 855 (9th Cir. 2009) (Where a charge "raises the specter of systemic discrimination, the EEOC has the authority to investigate charges of discrimination beyond the alleged individual [incident of] discrimination.") If, as is alleged to be the case, the EEOC discovered a pattern of discrimination among the affiliate corporations, it may expand the scope of its remediation effort and any ultimate suit to address the violations discovered. That "approach is far more consistent with the EEOC's role in the enforcement of Title VII" than would be limiting an action to the claim or claims brought by

---

[2] On a forward-looking basis, the EEOC is reminded of its Rule 11 obligations to conduct a reasonable inquiry into the factual contentions that it puts forward. *See* Fed. R. Civ. P. 11(b).

9

individual charging parties. *Gen. Tel. Co.*, 446 U.S. at 331. Because the claims against Defendants were alleged to have been investigated by the EEOC and were the subject of the EEOC's conciliation effort—in which all Defendants were apparently invited to participate—all of the Defendants are, at least at this stage, appropriately named. There is no problem with the adequacy of the notice given to Defendants. *See Huntsberg v. City of Yerington*, 2015 WL 112802 *4 (D. Nev. 2015).

Even assuming that the EEOC is restricted to bringing claims against parties that charging parties name, the Ninth Circuit has articulated four exceptions to the general rule: (1) if the defendants named in the complaint is "involved in the acts giving rise to the E.E.O.C. claims," (2) "if the respondent named in the EEOC charge is a principal or agent of the unnamed party, or if they are 'substantially identical parties,' [(3)] if the EEOC could have inferred that the unnamed party violated Title VII, [or (4)] if the unnamed party had notice of the EEOC conciliation efforts and participated in the proceedings, then that unnamed party can be joined to any Title VII enforcement litigation. *Sosa*, 920 F.2d at 1458-1459 (citing, *inter alia*, *Chung v. Pomona Valley Community Hosp.*, 667 F.2d 788, 790, 792 (9th Cir. 1982)). The EEOC argues that each of those exceptions is applicable here. Doc. 20 at 36-40.

The Court considers first whether the Defendants may be substantially identical. Two affiliate corporations are not substantially identical by nature of their affiliation alone. *See Lindsey v. United Airlines, Inc.*, 2017 WL 2404911, *5 (N.D. Cal. June 2, 2017) ("A corporate parent is not 'substantially identical' to its subsidiary by dint of the parent-subsidiary relationship alone.") Two entities may be substantially identical when one dominates the operations of the other, *Lorona v. Arizona Summit Law School, LLC*, 151 F.Supp.3d 978, 987, (D. Nev. 2015), or where one entity manages another, *Whitney v. Franklin General Hosp.*, 995 F.Supp.2d 917, 929 (N.D. Iowa 2014).[3] Plaintiff alleges in the complaint and emphasizes in its opposition that

---

[3] *See also Scurry v. Lutheran Homes of South Carolina, Inc.*, 2014 WL 4402797, *3 (D. S.C. Sept. 3, 2014) ("In determining whether the named and unnamed defendants are substantially identical courts have applied the following factors: (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC charge; (2) whether, under the circumstances, the interests of a named party are so similar to the unnamed party's that for purposes of obtaining voluntary conciliation and compliance it

"Defendant Marquez Brothers Int'l's close inter-relationship and control over the affiliate Defendants" as evidence by its filing of the EEO-1 Reports on behalf of all of the "affiliate Defendants as its 'establishments.'" Doc. 20 at 36; *see* Compl. at ¶ 23. Additionally, the EEOC alleges that Marquez Brothers International, Inc. "has exercised control over and/or has been involved in the other Defendants' financial operations and the management of the other Defendants' employees," including "personnel decisions," human resource functions," and "insurance" and "workers compensation polc[ies]" for employers of affiliate Defendants. The EEOC has alleged sufficient factual material to suggest that Defendants are substantially identical.

The Court also notes that the fourth exception appears to be implicated. The EEOC's determination of reasonable cause was directed to all Defendants. Each was permitted to engage in the conciliation process. Compl. at ¶ 10. Only Marquez Brothers International, Inc. appears to have engaged in the conciliation process. The Court does not now consider the content of the conciliation discussions or whether Marquez Brothers International may have acted on behalf of the other affiliate Defendants.

The affiliate Defendants' motion to dismiss for lack of notice or failure to be named in the EEOC charges will be denied.

### 4. Did the EEOC fail to adequately investigate claims other than those arising at the Hanford facility?

Defendants argue that the EEOC inadequately investigated the alleged pattern or practice of discrimination at facilities other than the Hanford facility. Section 2000e-5 does require the EEOC to conduct an investigation before initiating suit. *See* 42 U.S.C. § 2000e-5(b). However, the Court's review of the sufficiency of such an investigation is limited. *E.E.O.C. v. Bass Pro Outdoor World, L.L.C.*, 826 F.3d 791, 805-806 (5th Cir. 2016); *see Mach Mining*, 135 S.Ct. at

---

would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.")

1653 (review of pre-suit conciliation requirement is limited); *Arizona ex rel. Horne v. Geo Group, Inc.*, 816 F.3d 1189, 1198-1199 (9th Cir. 2016) (same). In the conciliation context, the court looks to see only "*whether* the EEOC attempted to confer about a charge, and not what happened … during those discussions." *Mach Mining*, 135 S.Ct. at 1655-1656. The same is true of the investigation requirement. The Court does not delve into the substantive sufficiency of the EEOC's investigation. The EEOC represents that it conducted an investigation and presents factual allegations regarding Marquez Brothers International's control over hiring decisions by affiliate Defendants, its funding of a common workers compensation policy for itself and affiliate Defendants, and the racial composition of Marquez Brothers' nationwide workforce. Compl. at ¶¶ 11, 24. The EEOC has adequately alleged that it conducted an investigation that relates to all Defendants. The motion to dismiss on that basis will be denied.

**B. Motion to Dismiss for Failure to Adequately Plead a Pattern or Practice of Discrimination.**

Defendants contend that the EEOC's allegations are insufficient to give rise to an inference that they engaged in a practice of unlawful discrimination. Specifically, Defendants argue that EEOC offers only a limited set of anecdotal accounts of discrimination, inadequate to establish that discrimination is the employer's standard operating procedure.

The EEOC correctly notes Defendants' description of the allegations is somewhat incomplete. Defendants gloss over and seek to minimize the value of the allegations gleaned from the Consolidated EEO-1 Reports filed by Marquez Brothers International on behalf of all defendants. *See* Compl. at ¶¶ 23-24. The EEOC alleges that between 2010 and 2013, Defendants employed a nationwide workforce ranging from 98.3% to 96.7% Hispanic. Compl. at ¶ 23. It further alleges that in the same time period, Defendants' nationwide unskilled workforce ranged from 100% to 98.7% Hispanic. Compl. at ¶ 24. Evidence of gross statistical disparities between an employer's workforce and the general population can alone constitute prima facie proof of a pattern or practice of discrimination. *Hazelwood School Dist. v. United States*, 433 U.S. 299, 307

(1977).[4] The disparity must exist "between the racial composition of the at-issue jobs and the racial composition of the qualified population in the relevant labor market." *Wards Cove Packing Co. Inc. v. Atonio*, 490 U.S. 642, 650 (1989) (quoting *Hazelwood*, 433 U.S. at 308). Certainly, allegations regarding the same kind of gross statistical disparities can be sufficient to state a claim.

Absent from the complaint is any allegation regarding the demographic data of the general populations from which Defendants hired. Defendants contend that such information is necessary. The EEOC responds that general population data is unnecessary when the workforce employed is almost entirely racially homogenous, or virtual "inexorable zero," meaning that the employer has hired almost no members of a protected group. *See Kesser v. Cambra*, 392 F.3d 327, 346 n.4 (9th Cir. 2004) ("In Title VII jurisprudence, the practice of excluding all individuals of a particular [protected] group is referred to as the phenomenon of the 'inexorable zero'.... Existence of the 'inexorable zero' in Title VII cases raises the judicial eyebrow.") This argument dispenses with the statistical significance of the EEO-1 figures compared to the general population, instead asking the court to infer discrimination when a workforce is homogenous. In the alternative, the EEOC notes that it "can readily amend its Complaint to include additional allegation[s] to show the racial disparity favoring Hispanics in the relevant labor markets." Doc. 20 at 45 n.12.

The Court need not resolve whether allegations regarding the racial composition of Defendants' workforce alone (without allegations regarding the population generally) are sufficient to state a claim regarding a pattern or practice of discrimination. The Court considers in tandem (1) the alleged accounts of the experiences by non-Hispanic, biracial, and non-Spanish speaking employees in combination with (2) the workforce homogeneity. In sum, the applicant accounts depict Marquez Brothers International telling non-Hispanic applicants that it was not hiring and not interviewed or hired, despite Marquez Brothers International displaying postings

---

[4] At this stage, the EEOC is not required to make a prima facie showing. *Farmers*, 24 F.Supp.3d at 967. Rather, "[a] complaint containing allegations and factual statements that clearly put the defendant on notice that the instant action is based on the defendant's alleged discrimination on a particular protected basis against the charging party and other similarly situated employees beginning at a specific point in time is sufficient to survive a motion to dismiss." *Farmers*, 24 F.Supp.3d at 967 (citations omitted).

for job applications and accepting applications from Hispanic applicants. *See* Compl. at ¶ 20a-k. During the same time period that the non-Hispanic applicants applied, Hispanic applicants were permitted to submit applications, were interviewed, and were hired. *Id*. at ¶¶ 14, 15, 17, 20a-k. The kind of discrimination described in the anecdotes provided explains the alleged racial homogeneity of Defendants' workforces.

Between those two categories of allegations, the EEOC has adduced sufficient factual material to allow the court to draw the reasonable inference that unlawful discrimination has taken place. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Obrey v. Johnson,* 400 F.3d 691, 694 (9th Cir. 2005) ("Like statistical evidence, anecdotal evidence of past discrimination can be used to establish a general discriminatory pattern in an employer's hiring or promotion practices.") The EEOC has stated a claim.

**C. Motion to Dismiss Under the Doctrine of Laches.**

Defendants move to dismiss the action under the doctrine of laches, an affirmative defense. The EEOC responds that laches is an inapplicable defense against suits by the United States to enforce public rights. Doc. 20 at 49; *See United States v. Menatos*, 925 F.2d 333, 335 (9th Cir. 1991). Defendants appear to abandon this argument in their reply.

The EEOC is partially correct. Generally, laches is not a defense to an enforcement action by the United States. *United States v. Gibson Wine Co.*, 2016 WL 1626988, *6 (E.D. Cal. Apr. 25, 2016). However, "[a] defendant might be able to successfully assert laches against the United States in an action to enforce a public right if it showed affirmative misconduct on the part of the United States. *Id*. (citing, *inter alia*, *United States v. Batson*, 608 F.3d 630, 633 n.3 (9th Cir. 2010) (Although "laches traditionally is not a defense against the United States... that doctrine is not as rigid as it once was....")) The face of the complaint suggests no such misconduct. As a result, even if a valid laches defense may exist at some point in this action, the action is not appropriately dismissed at this stage on that basis. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Sams v. Yahoo! Inc*., 713 F.3d 1175, 1179 (9th Cir. 2013).

///

///

**IV. Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED;
2. Defendants' motion to dismiss for failure to state a claim is DENIED.

IT IS SO ORDERED.

Dated: September 18, 2017

_____
SENIOR DISTRICT JUDGE