# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>**Plaintiff**<br><br>v.<br><br>MARQUEZ BROTHERS INTERNATIONAL, INC.; MARQUEZ BROTHERS ENTERPRISES, INC.; MARQUEZ BROTHERS FOODS, INC.; MARQUEZ BROTHERS SOUTHERN CALIFORNIA, INC.; MARQUEZ BROTHERS NEVADA, INC.; MARQUEZ BROTHERS TEXAS, INC.; and DOES 1 thru 10,<br><br>**Defendants** | CASE NO. 1:17-CV-44 AWI-EPG<br><br>ORDER ON DEFENDANTS' MOTION FOR SANCTIONS, POST-SUPPLEMENTAL BRIEFING<br><br>(Doc. Nos. 48, 71) |

The U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Agency") has alleged Defendants engaged in unlawful employment practices by failing to hire multiple persons based on their race. Doc. No. 75. After Defendants discovered the deaths of two of the Charging Parties, they filed for summary judgment on a number of issues. Doc. No. 49. Additionally, Defendants sought monetary and terminating sanctions, alleging the EEOC had known of the Charging Parties' deaths for years but purposefully did not divulge this information to Defendants. Doc. No. 48. The EEOC vigorously opposed both motions. Doc Nos. 55 and 56.

On June 26, 2016, the Court denied almost all of Defendants' requests, but granted summary judgment on the discrete issue of laches. Doc. No. 63. Additionally, the Court found a basis for sanctions, as the record indicated the EEOC had been aware of the two Charging Parties' deaths when it filed its response to an earlier motion to dismiss. See id.; see also Doc. Nos. 17,

20, and 28.  Specifically, the Court was concerned how knowledge of the Charging Parties' deaths would have affected the Court's findings and determination in the 12b6 laches proceedings.  Doc. No. 66.  The Court determined "the failure [of the EEOC] to divulge the fact of Mr. Davis's death during the motion-to-dismiss proceedings needlessly multiplied the number of times the Court needed to consider the laches issue, supporting an award of fees and costs against Mr. Li under 28 U.S.C. § 1927."  Id. at p. 20.  The Court also found this conduct potentially colored other of the EEOC's actions, as detailed in the prior order.  Id.  The Court ordered supplemental briefing on the issue, not only to allow Defendants to demonstrate the amount of its duplicated efforts, but more importantly to provide the EEOC's attorneys with notice and a chance to respond.  Id.

On September 12, 2018, Defendants submitted their supplemental brief "in support of motion for monetary and terminating sanctions."  Doc. No. 71.  Therein, Counsel for Defendants proffered that the conduct of the two EEOC attorneys caused them to accrue 565 hours of work, at a total of $237,965 in attorney's fees and costs.  See Doc. No. 71 at p. 14.  On reply, Ms. Park and Mr. Li (the two involved EEOC attorneys) offered additional explanation as to the Agency's failure to inform Defendants and the Court about the Charging Parties' deaths, informed the Court about changes to the EEOC's internal procedures, and argued among other things that Defendants' request should be denied as unreasonable and excessive.  Doc. Nos. 74 and 74-1.

The Court has reviewed the supplemental briefs, and on the whole agrees with Ms. Park and Mr. Li's assertions that this request is both unreasonable and excessive.  As stated above, as well as in its prior sanctions order, the issue mainly of concern to the Court was the needless multiplication of the laches proceedings, which Defendants reargued due to the discovery of the Charging Parties' deaths.  The Court cannot fathom how Defendants see this translating into almost 600 hours of work at nearly a quarter-of-a-million dollars in fees, to be levied against two government employees.[1]  Much of the text in Defendants' summary judgment motion on the laches issue is either reworked from the original motion to dismiss or easily expanded upon

---

[1] The Court does not doubt Defendants have incurred considerable expense in defending this suit.  However, in their motion opposing amendment, motion for sanctions, and motion for summary judgment, Defendants chose to proffer a number of questionable arguments in addition to rearguing the laches issue; none of these other issues were related to the "needless multiplication" of the laches proceedings, as is required under 28 U.S.C. § 1927.

without much effort.  Compare Doc. No. 17 with Doc. No. 49.  Further, the Court notes that in being granted laches for the two deceased Charging Parties, Defendants received the bulk of what the EEOC offered in the Agency's motion to amend.  See Doc. No. 46.  Defendants appear to once again be seeking an undeserved windfall through the Court's limited grant of sanctions; § 1927 is to compensate a party for unreasonably duplicative proceedings.  Matter of Yagman, 796 F.2d 1165, 1187 (9th Cir. 1986); see also Levine v. Cty. of Westchester, 164 F.R.D. 372, 375 (S.D.N.Y. 1996) ("The Court must also take into consideration that the two motions for sanctions and indeed the legal arguments made in opposing Levine's claims are largely based upon the same or nearly identical legal arguments and thus necessarily involves some duplication of effort which must necessarily give rise to a reduction in the amount of sanctions claimed.").

Given that the Court's concern was mainly with the needless duplication of the laches proceedings (see Doc. No. 63), the Court will limit its grant of sanctions against Mr. Li.  He was the sole signatory on the original motion to dismiss—the filing containing the reckless assertion that Mr. Davis was still alive as well as the continued frivolous argument that the he would still be eligible for such relief as reinstatement or front pay—and so is responsible for the needless duplication of the laches issue in the summary judgment proceedings.  See Doc. No. 20; see also In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996) ("Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument[.]  For sanctions to apply, if a filing is submitted recklessly, it must be frivolous . . . .") (citations omitted).

However, the Court cannot rely on Defendants' submission of fees and costs as a reasonable submission.  See Doc. No. 71-1.  The EEOC is correct that this issue could have easily been rectified without incurring additional costs and fees, much less $237,965.  Given that a gross disparity exists between the Court's concern and Defendants' unreasonable and excessive ask, the Court will limit its grant of sanctions to a total of $196—an amount listed in Defendants' supplemental briefing that is verifiably tied to the laches issue, as it was the amount Defendants spent ordering the death certificates for the two deceased Charging Parties.  See Doc. No. 71-1 at p. 13.  Kirshner v. Uniden Corp. of Am., 842 F.2d 1074, 1081 (9th Cir. 1988) ("[S]ection 1927 does not authorize imposition of sanctions in excess of costs *reasonably* incurred because of such

conduct.") (emphasis added); <u>Yagman</u>, 796 F.2d at 1185 ("The measure to be used is not actual expenses and fees but those the court determines to be reasonable[; a fee award] should never exceed those expenses and fees that were reasonably necessary to resist the offending action.").

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for sanctions (Doc. No. 48) is GRANTED IN PART AND DENIED IN PART;
2. Mr. Li is ORDERED to pay $196 to Defendants within 15 days of the date of service of this order, pursuant to 28 U.S.C. § 1927 and the Court's findings above; and
3. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   September 25, 2018

SENIOR DISTRICT JUDGE