Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Natalie Nardecchia, SBN 246486
Gina Carrillo, AZ SBN 030579
Andrea E. Ringer, CA SBN 307315
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:   (213) 894-1083
Facsimile:   (213) 894-1301
E-Mail:       lado.legal@eeoc.gov

Sara Smolik, MA SBN 661341
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
John F. Kennedy Federal Bldg.
Rm 475, Gov't Center
Boston, MA 02203
Telephone:   (617) 565-3207
Facsimile:   (617) 565-3196
E-Mail:       sara.smolik@eeoc.gov

Aimee L. McFerren, KY SBN 88912
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Louisville Area Office
600 Dr. Martin Luther King, Jr. Place, Suite 268
Louisville, KY  40202
Telephone: (502) 582-6308
Facsimile: (502) 582-5437
E-Mail:       aimee.mcferren@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) Case No.: 1:17-cv-00044-AWI-EPG ) |
| | ) |
| | ) **CONSENT DECREE; ORDER** |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |

CONSENT DECREE; ORDER

| | |
|---|---|
| 1 | MARQUEZ BROTHERS INTERNATIONAL, INC., MARQUEZ BROTHERS ENTERPRISES, INC., MARQUEZ BROTHERS FOODS, INC., MARQUEZ BROTHERS SOUTHERN CALIFORNIA, INC., MARQUEZ BROTHERS NEVADA, INC., MARQUEZ BROTHERS TEXAS I, INC., AND DOES 1-10, INCLUSIVE

  Defendant(s). |

## CONSENT DECREE

On January 11, 2017, the U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") commenced this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") against Defendants Marquez Brothers International, Inc., Marquez Brothers Enterprises, Inc., Marquez Brothers Foods, Inc., Marquez Brothers Southern California, Inc., Marquez Brothers Nevada, Inc., and Marquez Brothers Texas I, Inc. (individually, "Defendant" and collectively, "Defendants") to correct alleged unlawful employment practices in hiring on the basis of race and to provide appropriate relief to a class of individuals who were allegedly denied unskilled labor positions and adversely affected by such practices at each of Defendants' facilities. EEOC also alleged that Defendants engaged in violations of Title VII's record-keeping requirements by failing to make, keep, and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed and failed to file Employer Information EEO-1 Reports ("EEO-1 Reports"). Defendants deny the allegations made by EEOC.

EEOC and Defendants enter into this Consent Decree to resolve this action and all claims asserted in EEOC's Complaint and Second Amended Complaint and to promote and effectuate the purposes of Title VII. The parties agree that this Consent Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

The Court finds that it has jurisdiction over the subject matter of this action and the parties for purposes of the action, entry of the Consent Decree, and all proceedings related to the Consent Decree.

The Court will retain jurisdiction to enforce this Consent Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein for the duration of this Decree.

The Court, having examined the terms and provisions of the Consent Decree, further finds that it is reasonable, just, and in accordance with the Federal Rules of Civil Procedure and Title VII.

The Court further finds that entry of this Consent Decree will further the objectives of Title VII and will be in the best interest of the parties, those for whom the EEOC seeks relief, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**I.      GENERAL PROVISIONS**

1.      This Decree is final and binding between the Parties and resolves all claims in EEOC's Complaint and Second Amended Complaint in this case and the underlying charges of discrimination in EEOC Charge No. 485-2010-00462 and No. 846-2011-68245.

2.      Nothing in this Decree shall be construed to preclude any party from bringing suit to enforce this decree in the event that any party hereto fails to perform the promises and representations herein.

3.      No party shall contest the Court's jurisdiction to enforce this Decree and its terms or the right of the EEOC to bring an enforcement suit upon breach of any term of this Decree.  The Court will retain jurisdiction over any such enforcement proceeding during the duration of the Consent Decree.

4.      Other than EEOC Charges Nos. 485-2010-00462 and 846-2011-68245, this Decree does not resolve any charge of discrimination currently pending before EEOC, or any charge that may be filed in the future.  EEOC reserves all rights to proceed regarding matters not covered in this Decree.

5.      This Decree is being issued with the consent of the parties and represents the compromise of disputed claims that the parties recognize would require protracted and additional costly litigation to resolve.  This Decree does not constitute an adjudication or finding

by this Court on the merits of the allegations of the Complaint or Second Amended Complaint. Nothing contained in this Decree shall be construed as an admission of liability on the part of Defendants, or any one of them, each one of which expressly and unequivocally denies that they engaged in any pattern or practice of unlawful discrimination on the basis of race and/or national origin or violated any recordkeeping requirements set forth in Title VII.

6. Defendant Marquez Brothers Southern California, Inc. ("MBSC") was involved in a merger with Marquez Brothers Enterprises, Inc. ("MBE"), effective March 6, 2019, in which MBE was the surviving corporation and MBSC ceased to exist under California law.

## II. DEFINITIONS

7. "Effective Date" shall mean the date this Decree is entered by the Court.

8. "Staffing Agency" shall mean any third-party person or entity regularly undertaking, for compensation, the procurement of workers for one or more of the Defendants in Affected Positions or the procurement for workers opportunities to work for one or more of the Defendants in Affected Positions.

9. "Affected Positions" shall mean the following positions: Cheese Molder, Cheese Demolder, Cheese Cutter, Cooker, Dryer Operator, Finishing Tables, General Labor, Hoop Washer, Janitor, Machine Operator, Packer/Packaging, Production, Sanitation/CIP Operator, Warehouse Laborer. Affected Positions shall also include Merchandiser and/or Order Picker if the Monitor, within the first 60 days of the Effective Date determines, based upon the written job descriptions, information provided by the parties, observation, and/or evidence received by the Monitor, that the position(s) constitute unskilled labor.

10. "Potential Claimant" is any individual who receives notice of the settlement and claims process, including individual applicants identified by any of the Defendants, individuals identified by the EEOC, or individuals who, upon receiving notice of the settlement, believe they may have a right to make a claim.

11. The "Monitor" shall refer to the Decree Compliance Monitor described in Paragraph 74, below.

4

12. "Best Efforts," shall mean that each Defendant that has workers in the Affected Positions in a Subject Facility has complied in good faith with the provisions of this Decree concerning training, hiring practices, selection of Staffing Agencies, communications with Staffing Agencies, and responsibilities with respect to the Monitor.

13. "Subject Facilities" shall include those Marquez Brothers International, Inc. facilities located in California with individuals working in the Affected Positions. "Subject Facilities" shall also include any other Defendant's facility or facilities that has fifteen (15) or more individuals working in the Affected Positions in any calendar year during the term of the Decree.

## III. SCOPE AND DURATION

14. The provisions and agreements contained herein are effective immediately upon the date that this Decree is entered by the Court ("Effective Date").

15. This Decree shall remain in effect for three (3) years after the Effective Date.

16. This Decree will not expire while any enforcement action concerning this Decree is pending before the Court.

17. The Court retains jurisdiction over this action during the duration of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions, injunctive relief, and extension of the term of the Decree. The matter may be administratively closed but will not be dismissed during the duration of the Decree

## IV. MODIFICATION AND SEVERABILITY

18. This Decree constitutes the entire agreement and commitments of the parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties and approved by the Court.

19. If any provision(s) of this Decree are found to be unlawful, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to

effectuate the purposes of the Decree.  In any event, only such provision(s) found to be unlawful shall be severed, and the remainder of the Decree shall remain in full force an effect.

**V.    INJUNCTION**

20.    Each Defendant, its officers, agents, management (including all supervisory personnel), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in any employment practice that results in the failure to hire and/or denial of employment opportunities in the Affected Positions at a Subject Facility to any individual on the basis of race and/or national origin.

21.    Each Defendant, its officers, agents, management (including all supervisory personnel), successors, assigns, and all those in active concert or participation with them, or any of them, are hereby enjoined from engaging in, implementing, or permitting any action, policy, or practice with the purpose of retaliating against any applicant, current employee, or former employee of any Defendant or its successors, or either of them, because he or she has in the past, or during the term of this Decree, (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendants or their successors) or proceeding in connection with this action, or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

22.    Each Defendant, its officers, agents, management (including all supervisory personnel), successors, assigns, and all those in active concert or participation with it, or any of them, are hereby enjoined from failing to keep, preserve, and retain all placement and hiring related materials with respect to Affected Positions at Subject Facilities (e.g., all applications, resumes, letters from prospective applicants, written inquiries concerning opportunities for work, correspondence with potential applicants or Staffing Agencies concerning opportunities for work, job postings, applicant evaluations, notes concerning applications for employment, and information regarding individuals placed or referred for work

in Affected Positions at a Subject Facility with a Defendant by Staffing Agencies) for the duration of this Decree.  All such materials must be retained in their original form or in an accessible electronic format.

23.     Each Defendant, its officers, agents, management (including all supervisory personnel), successors, assigns, and all those in active concert or participation with it, or any of them, are hereby enjoined from failing to file annual Employer Information EEO-1 Reports ("EEO-1 Reports") as required by law during the term of this Decree.

## VI.     MONETARY RELIEF

24.     Defendants will pay a total of $2,000,000 ("Gross Sum") into a Qualified Settlement Fund ("QSF") as part of the resolution of this litigation.  The money paid into the QSF shall be distributed to aggrieved individuals and paid into the fund on the schedule described herein.  The money in the QSF may be held in a high-yield, interest-bearing account and any interest earned on such account shall be used to pay the costs of administration of the QSF including the administrator's fees.

25.     Other than as required by the terms of this Decree, the EEOC retains discretion to determine who is an aggrieved individual for purposes of making a claim on the QSF and to determine the amount of any award issued from the QSF.

## VII.    CLAIMS PROCESS

26.     Within thirty (30) days of the Effective Date, Defendants shall hire and appoint a specific professional individual or organization ("Claims Administrator"), approved by the EEOC, to oversee notice of the claims process and payments to claimants as designated by the EEOC.  If the Claims Administrator initially appointed by Defendants thereafter declines to serve or to carry out its duties under this Decree, Defendants shall have fourteen (14) days to notify the EEOC in writing of the need for a replacement Claims Administrator and shall provide the EEOC with the name of a new Claims Administrator for approval by the EEOC.

27.     Subject to the provisions of paragraph 24 above, Defendants shall pay all costs associated with the selection and retention of the Claims Administrator as well as the performance of the Claims Administrator's duties under this Decree.

28. Within sixty (60) days of the Effective Date, each Defendant shall provide, to the extent such information is available, the Claims Administrator and the EEOC an Excel file containing the names of all individuals who sought employment for an Affected Position with such Defendant, but was not hired, at any time between January 1, 2010 and the Effective Date. For each individual identified, each Defendant shall provide, if known, the individual's (a) last known address(es); (b) phone number(s); (c) email address(es); (d) Social Security Number; and (e) date of application.

29. Within thirty (30) days of receipt of a list from EEOC identifying Potential Claimants, the Claims Administrator shall send each identified individual a Notice informing them of the settlement and providing information about submitting a claim on the Settlement Fund. This Notice shall be drafted by the EEOC and provided to each Defendant in advance.

30. The Claims Administrator shall make diligent efforts to provide notice of the settlement to any individual whose Notice is returned as undeliverable, including the use of skip trace resources and additional mailing, to locate Potential Claimants and provide Notice.

31. Within sixty (60) days of the Effective Date, the Claims Administrator shall place notifications in online and print media sources, identified by the EEOC, publicizing the settlement and providing information about how to make a claim on the Settlement Fund. Publication shall run for a period of not more than 300 days, excluding Publication on any website established by the Claims Administrator for the purpose of publicizing and administering the settlement. The Publication shall be approved by the EEOC and provided to each Defendant in advance. With the e xception of Publication on any website established by the Claims Administrator, the notifications in online and print media sources shall include a statement to the effect that Defendants denied all allegations in the EEOC's complaint.

32. Within sixty (60) days of the Effective Date, the Claims Administrator shall establish a website for the purposes of advertising the settlement, informing Potential Claimants of the process for making a claim on the settlement fund, and for submitting a claim on the Settlement Fund.

CONSENT DECREE; ORDER

33.     The Claims Administrator shall work with the EEOC to develop a Questionnaire for use by Potential Claimants for the purpose of submitting a claim on the QSF. The EEOC shall use the information provided on Questionnaires submitted by Potential Claimants, whose responses will be provided under oath and under penalty of perjury, to determine (a) whether the Potential Claimant is eligible to participate in the settlement ("Eligible Claimant") because such individual was adversely affected by any Defendant's recruiting and/or hiring practices, as alleged in EEOC's Second Amended Complaint and (b) the amount of any settlement award, which shall be consistent with damages available under Title VII, as amended. The EEOC shall have full and complete discretion under the terms of this Decree to determine who is an Eligible Claimant and to determine the amount the settlement award, if any, to be provided to an Eligible Claimant.  All awards shall be designated solely as compensatory damages.

34.     EEOC shall provide the Claims Administrator and the Defendants with the names of Eligible Claimants, the amount of each Eligible Claimant's settlement award by means of a "Distribution List."   All awards shall be designated as solely as compensatory damages.

35.     Within 180 days of the Effective Date, Defendants shall make an initial payment in the amount of $500,000 to the Qualified Settlement Fund so that EEOC may distribute payments to early identified claimants.

36.     Within twelve (12) months of the Effective Date, Defendants shall make a second payment of $250,000 to the Qualified Settlement Fund.

37.     Defendants shall have twenty-four (24) months from the Effective Date to pay the remaining $1,250,000 to the Qualified Settlement Fund.

38.     Within fourteen (14) days of receipt of a Distribution List from EEOC, the Claims Administrator shall issue a check or checks, via first class mail, in the amount(s) designated by the EEOC to Eligible Claimants identified on the Distribution List who has executed a release of claims asserted in the EEOC's lawsuit. All awards shall be designated solely as compensatory damages.   This release is attached as Exhibit A.  Copies of this correspondence shall simultaneously be provided to Anna Y. Park, Regional Attorney, U.S.

Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012 and to each applicable Defendant in care of Fred W. Alvarez, Esq., Coblentz, Patch, Duffy & Bass, One Montgomery Street, Suite 300, San Francisco, CA 94104-5500. Each check will remain valid for 180 days. To the extent any check may need to be reissued, the EEOC will so notify the Claims Administrator.

39.    At least every thirty (30) days after the Claims Administrator issues checks pursuant to the Distribution List(s) provided by the EEOC, the Claims Administrator shall identify any check(s) not negotiated and/or returned non-negotiated to enable the tracking of remaining funds. In the event there is a question regarding whether a check has been negotiated, the Parties and the Claims Administrator will work together to determine when payment was rendered, including obtaining a copy of the canceled check.

40.    On a quarterly basis throughout the term of this Decree, the Claims Administrator will notify the EEOC and the Defendants of the remaining amount available in the Settlement Fund. The EEOC may issue additional Distribution Lists.

41.    The Claims Administrator shall prepare and distribute 1099 reporting forms to each Eligible Claimant and shall make any appropriate reports for each to the Internal Revenue Service and other tax authorities. Defendants shall be solely responsible for any costs associated with the issuing and distributing 1099s to the Eligible Claimants. No withholdings shall be made as all payments to Eligible Claimants will be designated as compensatory damages. Within seven (7) day of the issuance of any 1099 form, the Claims Administrator shall provide a copy of the related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012 and to the Defendants, through their counsel.

42.    The EEOC shall issue a "Final Distribution List" that shall include the names of any additional Eligible Claimants and the amounts to be paid to such individuals. All amounts shall be designated compensatory damages. EEOC will issue the final Distribution List no later than ninety (90) days prior to the expiration of the Decree.

43.     The EEOC's Final Distribution List shall detail the amount(s) to be paid to each Eligible Claimant, and the name and address to which each Eligible Claimant's portion and amount of monetary relief shall be delivered.  All amounts shall be designated as compensatory damages.

44.     Within sixty days (60) after issuance of payments according to the Final Distribution List, any remaining monies in the Settlement Fund shall be donated, in equal share, to the following organizations as *cy pres*: Asian Americans Advancing Justice, California Rural Legal Assistance Foundation, and the James Irvine Foundation.

## VIII.    RELATIONSHIP TO STAFFING AGENCIES

45.     Within thirty (30) days of the Effective Date, each Defendant shall provide the Monitor with a complete list of all Staffing Agencies used by such Defendant to provide workers for Affected Positions at any of such Defendant's Subject Facilities.  The list shall contain the name of the Staffing Agency, the address of its headquarters, and the addresses of any Subject Facility of a Defendant for which each Staffing Agency provides workers for Affected Positions.

46.     If, at any time during the duration of the Decree, any Defendant terminates its relationship with any previously-identified Staffing Agency, such Defendant shall notify the Monitor within thirty (30) days of the decision to terminate that relationship.

47.     If, at any time during the duration of the Decree, any Defendant engages a Staffing Agency not previously identified, or elects to use a Staffing Agency for a facility not previously identified, such Defendant shall notify the Monitor within thirty (30) days, including providing the name of the Staffing Agency, the business address of its headquarters, and the location(s) for which the Staffing Agency has been engaged to provide workers for Affected Positions at a Subject Facility.

48.     Within forty-five (45) days of the Effective Date, each Defendant with workers in the Affected Positions at Subject Facilities shall send a letter to each Staffing Agency identified pursuant to Paragraph 45, above.  This letter, which shall be signed by each Defendant's President, shall (a) state the Defendant's commitment to a referral and selection

process free from unlawful discrimination and which encourages the referral of a racially and ethnically diverse workforce; (b) express the Defendant's expectation that the Staffing Agency will refer and place workers for Affected Positions at a Subject Facility of Such Defendant without regard to race and/or national origin; (c) indicate that, if the Staffing Agency fails to provide such Defendant with a pool of referrals that is at least 20% non-Hispanic, such Defendant may terminate the relationship with that Staffing Agency; and (d) explain that, unless a specific job description states that the ability to speak Spanish is a job requirement, the Staffing Agency should not assume that that workers for Affected Positions at a Subject Facility need to speak Spanish in order to work in such Defendant's Subject Facility. Each Defendant shall enclose with the letter an acknowledgement form to be signed by the Staffing Agency and returned to such Defendant within seven (7) days. If, at any time during the duration of the Decree, any Defendant elects to use additional Staffing Agencies, such Defendant shall send such a letter and acknowledgement form to each additional Staffing Agency upon commencement of Defendant's relationship with the Staffing Agency.

49. For the duration of the Decree, each Defendant shall require, as a condition of doing business at a Subject Facility, that every Staffing Agency with which it contracts for Affected Positions maintain and provide a list to the Monitor of all individuals referred or placed by the Staffing Agency at any Subject Facility of a Defendant, including the individual's (a) name, (b) date of birth, (c) starting date with such Defendant, (d) ending date with such Defendant, (e) position, (f) race (if known), and (g) national origin (if known).

50. For the duration of the Decree, each Defendant shall require, as a condition of doing business at a Subject Facility, that every Staffing Agency with which it contracts for Affected Positions maintain and provide data describing, for each such Defendant's requests for workers for Affected Positions at a Subject Facility, the Staffing Agency's available labor pool based on the Defendant's wage rates and the nature of the work to be performed (including the total number of individuals available to perform that work) and the percentage of that labor pool that identifies as non-Hispanic.

51.     Each Defendant shall require, as a condition of doing business at a Subject Facility, that the Staffing Agency(ies) provide the information described in Paragraphs 49 and 50, above, to the Monitor on a quarterly basis for the duration of the Decree.

52.     No Defendant shall do business at a Subject Facility with any Staffing Agency that fails to comply with the requirements of Paragraphs 49-51, above, during the duration of the Decree.

53.     For the duration of the Decree, all requests to Staffing Agencies for workers in the Affected Positions at Subject Facilities shall be made in writing and shall include (a) job title; (b) a written description of duties for the available position(s); (c) a statement reminding the Staffing Agency of the Defendant's commitment to a referral and selection process free from unlawful discrimination and which encourages the referral of a racially and ethnically diverse workforce; and (d) the name and job title of the individual submitting the request.  These requests, and all subsequent correspondence between a Defendant and the Staffing Agency concerning each such request, shall be maintained for the duration of the Decree and provided to the Monitor on a quarterly basis.

54.     Each Defendant shall require its employees and agents with responsibility for communicating with Staffing Agencies to sign a written verification, confirming their understanding of the requirements of Paragraph 53, above.  These verifications shall be signed within ninety (90) days of the Effective Date, or within ten (10) days of the date of hire in the case of new employees.  Copies of these verifications shall be provided to the Monitor on a quarterly basis.

55.     Should the Monitor, pursuant to Paragraph 8, above, determine that Merchandisers and/or Order Pickers are among the Affected Positions, any Defendant with Merchandisers and/or Order Pickers working at or out of a Subject Facility shall have an additional thirty (30) days to comply with any obligation related solely to that determination, including but not limited to the obligations described in Paragraphs 28, 45 and 48, above.

## IX.    HIRING GOALS

56.    Each Defendant shall use Best Efforts to obtain workers such that the percentage of non-Hispanic workers in the Affected Positions in the Subject Facilities placed by Staffing Agencies or hired by a Defendant equals 20% ("Hiring Goals").

57.    If, after the first year of the Decree, the Monitor concludes that any Defendant has used Best Efforts to obtain the Hiring Goals, the Monitor may modify the Hiring Goal for that remainder of the term of the Decree for that Defendant such that the Defendant will be required to use Best Efforts to obtain workers in the Affected Positions in the Subject Facilities such that the percentage of non-Hispanic workers placed or hired into those positions equals the percentage of non-Hispanic workers available for such positions at the Subject Facilities as indicated by the Staffing Agencies.  The Monitor shall notify EEOC of any modification of the Hiring Goal, for any Defendant, within fourteen (14) months of the Effective Date.

58.    The Hiring Goals described herein shall be communicated by each Defendant to all of its employees and agents with responsibility for hiring for the Affected Positions at Subject Facilities and/or communicating with Staffing Agencies regarding the Affected Positions at Subject Facilities, including the highest-ranking manager in each Subject Facility.

## X.    TRACKING OF APPLICANT INQUIRIES, PLACEMENTS BY STAFFING AGENCIES & HIRING FOR AFFECTED POSITIONS

59.    Defendants have stated that they intend to hire for the Affected Positions at the Subject Facilities solely through Staffing Agencies. For the duration of the Decree, and except in unusual, urgent circumstances, all Defendants' sole source of workers for the Affected Positions at any Subject Facility shall be the Staffing Agencies identified to the Monitor pursuant to the procedures described in Paragraphs 45-47, above.  A Defendant shall report any unusual, urgent circumstances that cause it to deviate from this procedure to the Monitor within seven (7) days.

60.     Each Defendant shall adopt a policy prohibiting word-of-mouth hiring for Affected Positions at the Subject Facilities and shall inform its employees that individuals interested in work with that Defendant for such positions shall register with the appropriate Staffing Agency(ies).

61.     In the event that individuals come to the place(s) of business of any Defendant to seek employment opportunities in the Affected Positions at the Subject Facilities during the term of the Decree, such Defendant shall inform the individual that such Defendant hires for such positions exclusively through Staffing Agencies and direct the individual to the appropriate Staffing Agency.

62.     Each Defendant shall maintain a record of every individual who is referred to or placed by a Staffing Agency for work in an Affected Position in a Subject Facility of such Defendant. This record shall be maintained in electronic format using a program capable of export to an Excel file. For every individual, this record shall include: (a) the individual's name, (b) the individual's date of birth, (c) the individual's apparent national origin, (d) the individuals' apparent race, (e) the individual's address, (f) the position for which the individual was placed, (g) the facility at which the individual worked, (h) the Staffing Agency that placed or referred the worker, (i) the individual's start date, (j) the individual's end date (if applicable), and (k) the date on which the individual was transferred to such Defendant's own payroll (if applicable).

63.     Each Defendant shall maintain a record of every individual who is hired for Affected Position work in such Defendant's Subject Facilities for the duration of the Decree. This record shall be maintained in electronic format using a program capable of export to an Excel file. For every individual, this record shall include: (a) the individual's name, (b) the individual's date of birth, (c) the individual's national origin, (d) the individual's race, (e) the individual's address, (f) the position for which the individual was hired, (g) the Subject Facility at which the individual was hired, (h) the Staffing Agency that originally placed or referred the worker, (i) the individual's start date on the Defendant's payroll, and (j) the individual's end date (if applicable).

CONSENT DECREE; ORDER

64. All Defendants shall request that direct hires into Affected Positions at Subject Facilities self-identify their race and national origin. If an individual declines to self-identify, a Defendant shall, through reasonable efforts, identify the individual's race and/or national origin and note the method used to make the identification (e.g., visual observation).

65. The records created pursuant to Paragraphs 62 and 63, above, shall be maintained for the duration of the Decree and provided on a quarterly basis to the Monitor.

66. Each Defendant shall require all its employees and agents with responsibility for effectuating any or all of the provisions of the Decree described in Paragraphs 59 – 64, above, to acknowledge their understanding of these requirements and their commitment to compliance.

## XI. COMPLAINTS CONCERNING DISCRIMINATION ON THE BASIS OF RACE AND/OR NATIONAL ORIGIN

67. For the duration of the Decree, each Defendant shall maintain a centralized, written record of any and all complaints regarding hiring discrimination into Affected Positions at a Subject Facility on the basis of race and/or national origin. This written record shall contain, for each complaint, (a) the name of the individual making the complaint; (b) the individual's contact information; (c) the individual's relationship to any Defendant (e.g., applicant); (d) the date on which the complaint was made; (e) the location where the complained-of conduct occurred; (f) a summary of the complaint (including the identify of all individuals involved); (g) the name and title of the employee receiving the complaint; (h) a summary of any investigation undertaken by any Defendant into the complaint; and (i) a summary of the outcome of the complaint.

68. Each Defendant shall retain any non-privileged documents or other materials created as part of such Defendant's receipt, investigation, and/or resolution of all such complaints concerning race and/or national origin discrimination for the duration of the Decree.

69. The non-privileged documents described in Paragraphs 67 and 68, above, shall be provided to the Monitor on a quarterly basis.

## XII.    TRAINING

70.    Within ninety (90) days of the Effective Date, each Defendant shall provide live training to all of its employees who have any responsibility for hiring for the Affected Positions at Subject Facilities, managing and/or supervising individuals in the Affected Positions at Subject Facilities, for communicating with Staffing Agencies regarding acquiring workers in the Affected Positions at Subject Facilities, or regarding any matter subject to this Decree, or for compliance with any of the terms of this Decree.  The training shall cover: (a) Title VII's prohibition of race and national origin discrimination in hiring and retaliation; (b) ensuring that recruitment, hiring and worker selection is done without discrimination on the basis of race or national origin; (c) communicating with Staffing Agencies regarding its commitment to non-discriminatory hiring and to providing clear and accurate information about Affected Position job requirements and qualifications at its Subject Facilities; (d) Defendant's record-keeping obligations under Title VII and the terms of the Decree; (e) proper handling of complaints of race and national origin discrimination from applicants, workers, and employees; (f) how to prevent race and national origin discrimination and retaliation and (g) effectuating the provisions of the Consent Decree.  Each Defendant's President shall be present for this training and will emphasize the Defendant's commitment to providing equal employment opportunity to all individuals regardless of race or national origin.  This training may be recorded for future use. The training shall be provided at each Defendant's expense by a third-party trainer approved by EEOC.

71.    Within ninety (90) days of the Effective Date, and annually, for the duration of the Decree, each Defendant shall provide a live and interactive training of not less than one (1) hour in duration to all employees.  The training shall cover: (a) Title VII's prohibition of race and national origin discrimination and retaliation; (b) ensuring that recruitment, hiring and worker selection is done without discrimination on the basis of race or national origin; (c) how to prevent race and national origin discrimination (including how to prevent harassment); and (d) Defendant's employment policies and procedures.  This training

may be recorded for future use. In any facility with fewer than fifteen (15) employees, a Defendant may use previously-recorded training to fulfill its obligation under this paragraph.

72. Should any Defendant hire any individual with primary responsibility for hiring for Affected Positions at a Subject Facility, communicating with Staffing Agencies, supervising individuals in the Affected Positions at a Subject Facility, or compliance with this Decree during the term of the Decree, or newly assign any employee those such responsibilities, such Defendant shall provide the training described in Paragraph 70, above, to that individual within thirty (30) days of the date of the individual's hire or assignment. Each Defendant may provide live training or show the recorded training to fulfill its obligations under this section of the Decree.

73. All persons required to attend the trainings described in Paragraphs 70 and 71, above, shall verify their attendance in writing. Within fifteen (15) days of all training required under this Decree, each Defendant shall provide the Monitor with a document identifying (a) the nature of the training; (b) the date and location of the training; (c) the individual(s) who provided the training; (d) the names of all persons who attended the training; and (e) copies of the written verifications signed by the training's attendants.

## XIII. DECREE COMPLIANCE MONITOR

74. Within thirty (30) days of the Effective Date, the Defendants, collectively, shall retain Patricia K. Gillette, Esq. as a third-party Decree Compliance Monitor ("the Monitor"). The Monitor shall monitor each Defendants' compliance with the provisions of this Decree.

75. The Monitor's specific duties shall include:

    a. Conducting an initial review of each Defendant's operations and hiring practices with respect to the Affected Positions for the purpose of fulfilling the Monitor's responsibilities under the Decree, as described in Paragraph 76, below.

    b. Compiling data for and preparing Annual Reports as described in Paragraph 83, below;

c. Quarterly review and monitoring of each Defendants' communications with Staffing Agencies regarding Affected Positions at the Subject Facilities;

d. Quarterly review and monitoring of each Defendant's hiring practices as required by this Decree, including placement by Staffing Agencies of individuals into the Affected Positions at Subject Facilities; the conversion of individuals in the Affected Positions at a Subject Facility onto a Defendant's payroll; compliance with the hiring and recordkeeping policies described in this Decree;

e. Review and evaluation of each Defendant's use of Best Efforts (as defined in Paragraph 12 above) to achieve the Hiring Goals described in the Decree;

f. Review of data from Staffing Agencies regarding available workers for the Affected Positions at Subject Facilities;

g. Determination of which facilities, pursuant to Paragraph 13, above, shall be included among the Subject Facilities; and

h. Review of any and all complaints received by any Defendant or any Staffing Agency concerning any Defendant's hiring practices for Affected Positions at a Subject Facility.

76. Within sixty (60) days of the Effective Date, the Monitor shall complete an initial review of the operations and hiring practices as related to the Affected Positions of each Defendant that employs workers in the Affected Positions. This review shall provide the Monitor an understanding of each such Defendant's policies and practices as they relate to recruitment and hiring for individuals in Affected Positions (including identifying the individual employees responsible for such tasks); policies and practices as they relate to communications with Staffing Agencies that supply workers for Affected Positions (including identifying the individual employees responsible for such tasks); the Staffing Agencies used for supplying

workers for Affected Positions; current staffing levels in Affected Positions (including workers on a Defendant's payroll and workers on a Staffing Agency's payroll); workforce demographics with respect to Affected Positions; and the information needed to determine whether Merchandisers and/or Order Pickers constitute Affected Positions as described in Paragraph 9.

77. Defendants shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her duties.

78. Each Defendant shall permit the Monitor full and complete access to all employment records; communications with applicants; communications with Staffing Agencies and other third-party labor sources (including requests for labor and billing records); payroll records; tracking information as described in Paragraphs 62 – 63, above; EEO-1 Reports; worker and applicant race-identification data; equal employment opportunity training records and materials; Defendants' personnel; and Defendants' facilities, all of the foregoing as needed, to effectuate the Monitor's responsibilities as described by this Decree.

79. If, at any time during the duration of the Decree, the Monitor becomes unable or unwilling to continue as Monitor, Defendants shall have sixty (60) days to select a new monitor. The Monitor shall have demonstrated experience in the areas of race and national origin discrimination, including issues related to recruitment and hiring. Selection of the Monitor shall be subject to EEOC's approval.

## XIV. REPORTING REQUIREMENTS

80. Annually, for the duration of the Decree, each non-MBI Defendant shall provide EEOC with a report identifying for each facility operated by that Defendant the total number of individuals working in that facility and the total number of individuals, by sex and race, employed in each of the following job categories: (a) executive/senior officials and managers; (b) first/mid officials and managers; (c) professionals; (d) technicians; (e) sales workers; (f) administrative support; (g) craft workers; (h) operatives; (i) laborers and helpers; and (j) service workers. For purposes of this report, each Defendant shall use the job and race categories used in Employer Information ("EEO-1") Reports. Reports required pursuant to this paragraph shall be submitted directly to Anna Y. Park, Regional Attorney, Equal Employment

Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California 90012 and anna.park@eeoc.gov.

81. Defendants, through the Monitor, shall provide an Annual Report to EEOC throughout the duration of the Decree.

82. The first Annual Report shall be due twelve months from the Effective Date of the Decree.

83. Each Annual Report shall contain the following:

a. Verification that all training required under the Decree in the previous twelve months has occurred, including copies of the materials referenced in Paragraph 73, above, and copies of any materials used (including, for example, presentation slides) or distributed during the training;

b. Copies of any EEO-1 Reports filed by any Defendant during the previous twelve months;

c. Confirmation that the Notice described in Paragraph 92 has been posted in conspicuous locations during the previous year;

d. Copies of all verifications required by this Decree (Paragraphs 48, 54, 66, and 73);

e. A list of all Staffing Agencies used by each Defendant for Affected Positions at Subject Facilities, including the business address for each Staffing Agency's headquarters and the specific facilities of each Defendant that each Staffing Agency serves;

f. A copy of the letter sent by each Defendant to all Staffing Agencies as described in Paragraph 48;

g. A copy of all acknowledgments provided by Staffing Agencies in response to the letter described in Paragraph 48;

h. A list of any Staffing Agencies whose services were terminated by a Defendant pursuant to the provisions of this Decree;

i.     An analysis of each Defendant's Best Efforts (as defined in Paragraph 12) to achieve the Hiring Goals including a summary of good faith efforts undertaken by a Defendant to achieve the Hiring Goal; a reporting of the total number of individuals placed by Staffing Agencies in the previous year for work in the Affected Positions at a Subject Facility with each Defendant and the percentage of those individuals who are non-Hispanic; a reporting of the Staffing Agencies' available workforce for the Affected Positions at the Subject Facilities and the percentage that is non-Hispanic; and a reporting of the total number of individuals hired into the Affected Positions at Subject Facilities by each Defendant and the percentage of those individuals who are non-Hispanic;

j.     The total number of workers, by facility, who were either placed by a Staffing Agency or hired directly by any Defendant into the Affected Positions in any Subject Facility in the previous year and the race of those individuals; and

k.     A summary of any and all complaints concerning hiring discrimination in Affected Positions at a Subject Facility on the basis of race and/or national origin and the response by any Defendant to those complaints;

84.     The Annual Report shall be signed, and its contents verified, by the Monitor and a representative of each Defendant, as to information provided by that Defendant.

## XVI.    DISPUTE RESOLUTION & COMPLIANCE REVIEW

85.     The Parties agree that if the Commission has reason to believe that any Defendant has failed to comply with any provision of this Decree, the Commission may bring an action in court to enforce the Decree. Nothing in this Decree prevents a Defendant from petitioning the court to enforce the terms of this Decree, provided it provides thirty (30) days'

CONSENT DECREE; ORDER

prior written notice to EEOC, including twenty-one (21) days from the date of the written notice to attempt to resolve the issue.

86.    EEOC agrees that, prior to initiating any such action, it will attempt to obtain voluntary compliance with the Decree.  Any such attempt shall be made by notifying the Defendant, through its counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes has been breached.  That Defendant shall have twenty-one (21) days from the date of the written notice to attempt to resolve or cure the breach.  The Parties may extend this period upon mutual consent.

87.    After thirty (30) days, inclusive of the twenty-one (21) days referenced in the preceding paragraph, have passed from the written notice described above with no resolution or agreement to extend the time, EEOC may petition the court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, and/or any other relief that the Court may deem appropriate.

88.    In the event of non-payment of any of the amounts required under the Decree, EEOC may, after giving ten (10) days' notice to Defendants, petition the Court for resolution of the dispute without adhering the provisions described in Paragraphs 86 – 87, above.

89.    Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Eastern District of California.

90.    EEOC may request, from the Monitor, a copy of any document received or created by the Monitor as a result of the Monitor's duties as described in this Decree, with the exception of correspondence between the Monitor and any Defendant.

91.    No provision of this Decree shall be construed to limit or impair, in any manner, any other authority granted by law or regulation to the Commission to conduct investigations of a Defendant, including, but not limited to, investigating charge of discrimination filed under Title VII of the Civil Rights Act of 1964, the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Title I or V of the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act of 2008, and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations

authorized under the EPA, the ADEA, and any future statute that authorizes directed investigations.

## XVII. NOTICE

92.     Within ten (10) days of the Effective Date and throughout the term of the Decree, each Defendant shall post the notice attached to this Decree as Exhibit B, in a clearly visible location frequented by employees at each Defendant's location(s) with Affected Positions.

93.     Within ten (10) days of the Effective Date and throughout the term of the Decree, each Defendant shall post a statement on its website, to the extent it maintains one (including, without limitation, www.marquezbrothers.com and elmexicano.net), confirming its commitment to equal employment opportunity and to hiring without regard to race or national origin.

## XVIII. MISCELLANEOUS

94.     Each Party shall bear its own attorneys' fees and costs incurred in connection with this action.

95.     During the duration of the Decree, a Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of that Defendants' facilities and/or business, or any other material change in corporate structure.  A Defendant shall simultaneously inform the EEOC of any such agreement for acquisition, assumption of control, or other material change in corporate structure.

96.     Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012 and anna.park@eeoc.gov.

///

///

///

All Parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree Order.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date:_____     By:_____
                                     Anna Y. Park
                                     Regional Attorney
                                     For Plaintiff EEOC


Date:_____     By:_____
                                     Fred W. Alvarez, Esq.
                                     Coblentz, Patch, Duffy & Bass
                                     One Montgomery Street, Suite 300
                                     San Francisco, CA 94104-5500
                                     Attorneys for Defendants
                                     Marquez Brothers International, Inc.
                                     Marquez Brothers Enterprises, Inc.
                                     Marquez Brothers Foods, Inc.
                                     Marquez Brothers Nevada, Inc. and
                                     Marquez Brothers Texas I, Inc.

### ORDER[1]

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED. The Court hereby retains jurisdiction over this Consent Decree until its termination, as determined by this Court.

IT IS SO ORDERED.

Dated:   September 17, 2019        _____
                                   SENIOR  DISTRICT  JUDGE

---

[1] The Court notes that the parties submitted a signed proposed consent decree at Doc. No. 143-1.  Further, the Exhibit A referenced in Paragraph 38 and Exhibit B referenced in Paragraph 92 are found in the docket at Doc. Nos. 143-2 and 143-3, respectively.

CONSENT DECREE; ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONSENT DECREE; ORDER